No. 24-13312-CC

# In the United States Court of Appeals for the Eleventh Circuit

UNITED STATES OF AMERICA,
*Appellant*

v.

ERIKA KELLEY DAY,
*Appellee*

ON APPEAL FROM THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
D.C. NO. 21-CR-00052-JB-MU (HON. JEFFREY U. BEAVERSTOCK)

BRIEF OF APPELLANT UNITED STATES

SEAN P. COSTELLO
    United States Attorney
    Southern District of Alabama

SCOTT A. GRAY
    Assistant United States Attorney
    Southern District of Alabama
    63 South Royal Street, Suite 600
    Mobile, Alabama 36602
    (251) 441-5845

## <u>CERTIFICATE OF INTERESTED PERSONS</u>
## <u>AND CORPORATE DISCLOSURE STATEMENT</u>

*United States v. Erika Kelley Day,* No. 24-13312-CC

Pursuant to 11th Cir. R. 26.1-1, the United States certifies that the following individuals and entities have an interest in the outcome of this appeal, as identified below:

Beaverstock, Hon. Jeffrey U. – Chief United States District Judge

Bedwell, Gloria A. – Assistant United States Attorney

Costello, Sean P. – United States Attorney

Coumanis, Christ N. – Attorney for Appellee

Day, Erika K. – Appellee

Gray, Scott A. – Assistant United States Attorney

Madden, Arthur J. III – Attorney for Appellee

Murray, Hon. P. Bradley – United States Magistrate Judge

C1 of 1

## STATEMENT REGARDING ORAL ARGUMENT

The United States requests oral argument in this appeal. In this appeal, this Court will decide whether the district court imposed an illegal sentence in Erika Kelley Day's case because the magnitude of its sentence reduction based on her cooperation exceeded the authorization set out in the United States' motion. This Court recognized in *United States v. McNeese*, 547 F.3d 1307 (11th Cir. 2008) that the United States may move for a reduction to a sentence on a specific count when a defendant provides post-sentencing substantial assistance. Although that precedent should be dispositive, the Court may find oral argument appropriate to the extent it wishes to clarify expressly that *McNeese* applies to motions that seek to address pre-sentencing assistance under 18 U.S.C. § 3553(e), the specific cooperation provision at issue in this appeal. Accordingly, the United States respectfully requests oral argument.

**TABLE OF CONTENTS**

Page

CERTIFICATE OF INTERESTED PERSONS ..........................................................C1

STATEMENT REGARDING ORAL ARGUMENT ......................................................i

TABLE OF CONTENTS ...............................................................................................ii

TABLE OF AUTHORITIES ....................................................................................... iv

STATEMENT OF JURISDICTION ........................................................................... vii

STATEMENT OF THE ISSUE ..................................................................................... 1

STATEMENT OF THE CASE ....................................................................................... 2

    A. Course of Proceedings........................................................................... 2

    B. Disposition Below.................................................................................. 7

    C. Statement of Facts ................................................................................. 7

    D. Standards of Review .............................................................................. 8

SUMMARY OF ARGUMENT ...................................................................................... 9

ARGUMENT AND CITATIONS OF AUTHORITY ................................................. 10

The District Court Lacked Authority to Impose a Prison Sentence of One Day
for Day's Violation of 18 U.S.C. § 924(c) .................................................................. 10

    A. The District Court Misconstrued its Power under § 3553(e) .......................... 12

        1. Precedent Supports the United States' Power to Tailor Relief............ 12

        2. A Unitary Approach Also is at Odds with the Statutory Text.............. 19

B. Day's Nominal Prison Sentence is Illegal ........................................................... 25

CONCLUSION ..................................................................................................... 33

CERTIFICATE OF COMPLIANCE ................................................................... 34

CERTIFICATE OF SERVICE ............................................................................ 34

## <u>TABLE OF AUTHORITIES</u>

**U.S. Supreme Court Cases**

*Calderon v. Thompson*, 523 U.S. 538 (1998) ........................................................... 14

*Chapman v. United States*, 500 U.S. 453 (1991) ............................................... 13, 28

*Gall v. United States*, 552 U.S. 38 (2007) ....................................................... 13, 14

*Melendez v. United States*, 518 U.S. 120 (1996) ............................................. 15, 17

*Niz-Chavez v. Garland*, 593 U.S. 155 (2021) ....................................................... 21

*Wade v. United States*, 504 U.S. 181 (1992) ................................................... 26, 32

**Federal Appellate Cases**

*Rudolph v. United States*, 92 F.4th 1038 (11th Cir. 2024) .................................... 20

*United States v. Aponte*, 36 F.3d 1050 (11th Cir. 1994) .................................. 13, 16

\* *United States v. Castaing-Sosa*, 530 F.3d 1358 (11th Cir. 2008) ............... 13, 14, 20, 25, 32

*United States v. Eggersdorf*, 126 F.3d 1318 (11th Cir. 1997) ................................ 14

*United States v. Forney*, 9 F.3d 1492 (11th Cir. 1993) .............................. 24, 26, 27

*United States v. Gonsalves*, 121 F.3d 1416 (11th Cir. 1997) ................................ 27

*United States v. Hall*, 64 F.4th 1200 (11th Cir. 2023) ............................... 8, 13, 22

*United States v. Henry*, 1 F.4th 1315 (11th Cir. 2021) ......................................... 14

*United States v. Kattan-Kassin*, 696 F.2d 893 (11th Cir. 1983) ........................... 20

*United States v. Lusk*, 119 F.4th 815 (11th Cir. 2024) .......................................... 8

iv

*United States v. Mangaroo*, 504 F.3d 1350 (11th Cir. 2007)................................................. 26

\* *United States v. McNeese*,

    547 F.3d 1307 (11th Cir. 2008) ...............................i, 11, 12, 16, 17, 19, 21, 24, 27, 29

*United States v. McVay*, 447 F.3d 1348 (11th Cir. 2006).................................................... 26

\* *United States v. Melton*, 861 F.3d 1320 (11th Cir. 2017) .....................11, 17, 27, 28, 30, 31

*United States v. Moriarty*, 429 F.3d 1012 (11th Cir. 2005) ...........................................22, 23

*United States v. Orozco*, 160 F.3d 1309 (11th Cir. 1998) ...........................................17, 24, 29

*United States v. Rothstein*, 939 F.3d 1286 (11th Cir. 2019)...........................................24, 30

## Statutes

18 U.S.C. § 924(c) ..................................................................................................ii, 1, 2, 10

18 U.S.C. § 924(c)(1) ...........................................................................................10, 29, 32

18 U.S.C. § 924(c)(1)(A).............................................................................................18, 21

18 U.S.C. § 924(c)(1)(D)(ii)........................................................................................18, 21

18 U.S.C. § 3231 ................................................................................................................ vii

18 U.S.C. § 3553(a) ........................................................................................................... 14

18 U.S.C. § 3553(e) .............................................. i, 2, 10, 12, 15, 19, 20, 22

18 U.S.C. § 3582(b)........................................................................................................... 14

18 U.S.C. § 3584 ............................................................................................................... 23

18 U.S.C. § 3584(a) ........................................................................................................... 23

18 U.S.C. § 3584(b)........................................................................................................... 23

18 U.S.C. § 3584(c) ......................................................................... 23

18 U.S.C. § 3742(b) ......................................................................... vii

21 U.S.C. § 841(a) .............................................................................. 2

21 U.S.C. § 841(a)(1) ................................................................... 10, 18

21 U.S.C. § 841(b)(1)(B) .................................................. 10, 18, 21, 29

28 U.S.C. § 1291 ............................................................................... vii

## Other Authorities

11th Cir. R. 26.1-1 ........................................................................... C1

Fed. R. App. P. 32(a)(7)(B)(i) ......................................................... 34

Fed. R. Crim. P. 35(b) ............................................................... 12, 15

Fed. R. Crim. P. 35(b)(1) ................................................................. 15

Fed. R. Crim. P. 35(b)(2) ................................................................. 15

U.S.S.G. § 5G1.1 ............................................................................. 14

U.S.S.G. § 5K1.1 ............................................................................. 15

## STATEMENT OF JURISDICTION

The district court had jurisdiction under 18 U.S.C. § 3231 to preside over this federal prosecution. This Court has jurisdiction to address the legality of the sentence that the district court imposed because it is a final decision pursuant to 28 U.S.C. § 1291 that the United States may appeal under 18 U.S.C. § 3742(b). The Solicitor General has approved the prosecution of this appeal.

## **<u>STATEMENT OF THE ISSUE</u>**

Whether the district court imposed an illegal sentence when it ordered Day to serve just one day in prison for her violation of 18 U.S.C. § 924(c) without a statutory basis to deviate below the minimum sentence set by statute.

## STATEMENT OF THE CASE

A district court may impose a sentence below a statutory mandatory minimum for a cooperating defendant if the United States moves under 18 U.S.C. § 3553(e). Erika Kelley Day ("Day") pleaded guilty to two federal charges with mandatory minimum sentences, a drug offense under 21 U.S.C. § 841(a) and a gun offense under 18 U.S.C. § 924(c). [Doc. 66, 12–13]. The violation of § 841(a) carried a minimum sentence of five years, and the § 924(c) offense called for a minimum sentence of five years to run consecutively to any other sentence. [*Id.* at 4–5]. After Day cooperated, the United States moved to authorize a sentence below the statutory minimum for Day's drug offense but not as to the mandatory consecutive sentence for the gun offense. [Doc. 58, 1; Doc. 63, 18–19]. The district court varied below both mandatory sentences and imposed a sentence of time served for the drug offense along with a consecutive sentence of just one day for the gun offense. [*Id.* at 23–25]. The prosecutor objected that the sentence was illegal because the district court lacked authority to sentence Day below the statutory minimum for her § 924(c) offense. [*Id.* at 27]. In this appeal, the United States urges this Court to vacate that illegal sentence. Citations to the record reflect the pagination on the electronic docket ("[Doc. #, #]").

### A.    Course of Proceedings

A federal grand jury in the Southern District of Alabama returned an indictment that charged Day with violations of § 841(a) and § 924(c). [Doc. 1, 1–2]. The indictment

asserted in Count One that Day possessed around 24.66 grams of methamphetamine with the intent to distribute it in violation of § 841(a) and contended in Count Two that she carried a gun during and in relation to her drug trafficking activity as prohibited by § 924(c).  [*Id.*].

Day chose to plead guilty to both offenses.  [Doc. 25, 1].  Her written plea agreement warned that she faced a sentence of at least five years for the drug offense charged in Count One and a minimum consecutive sentence of five years for the gun crime set out in Count Two.  [*Id.* at 3–4].  The United States agreed that it would not bring further charges against Day on these facts and promised to recommend a sentence at the low end of Day's advisory range under the United States Sentencing Guidelines (the "Guidelines").  [*Id.* at 6].

In addition, Day's plea agreement included a provision that addressed Day's potential cooperation with the United States.  [*Id.* at 6–11].  The United States had sole discretion to decide whether to allow Day to cooperate.  [*Id.* at 6].  If the United States allowed Day to cooperate and she provided substantial assistance, the United States agreed to move for a downward departure under § 5K1.1 of the Guidelines or seek a post-sentencing reduction under Rule 35(b) of the Federal Rules of Criminal Procedure. [*Id.* at 8–9].  The United States "specifically reserved" the authority to decide whether Day offered substantial assistance "in the exercise of its sole discretion" and reserved the right "to make the decision relating to the extent of any such departure request

3

made under this agreement based upon its evaluation of the nature and extent of the defendant's cooperation." [*Id.*].

Day and her attorney signed the agreement and certified familiarity with its terms. [*Id.* at 13]. A factual resume described Day's offenses. [*Id.* at 15–20].

After a plea colloquy, the district court accepted Day's guilty plea. [Doc. 66, 13]. It confirmed that Day received a copy of her plea agreement, discussed it with her attorney, and fully understood its terms. [*Id.* at 4]. The district court also reviewed Day's penalties and mentioned the mandatory sentences for the drug and gun offenses. [*Id.* at 4–5]. The prosecutor summarized the facts that the United States could prove at trial. [*Id.* at 11–12]. Day admitted that she performed those acts and pleaded guilty to both crimes. [*Id.* at 12–13].

A probation officer prepared a presentence investigation report (the "PSI") in Day's case. [Doc. 32]. The probation officer concluded that Day's offense level was 27 under the Guidelines and that she fell within the criminal history category of I out of VI because she had no criminal history points. [*Id.* at 7]. Based on Day's offense level and criminal history category, the probation officer concluded that the Guidelines recommended a prison sentence between 70 months and 87 months for the drug offense in Count One. [*Id.* at 11]. As for the gun charge in Count Two, the probation officer noted that Day was subject to a minimum sentence of 60 months that "must be imposed consecutively to any other counts." [*Id.*].

4

Meanwhile, the parties postponed Day's sentencing hearing on multiple occasions so that Day could endeavor to cooperate with the United States. [Doc. 29; Doc. 37; Doc. 39; Doc. 44; Doc. 51; Doc. 53; Doc. 55]. The United States ultimately concluded that Day rendered sufficient truthful cooperation to warrant a motion for a reduction to her sentence. [Doc. 58, 1]. The motion requested a downward departure from Day's Guidelines range and sought to authorize a deviation below the statutory minimum sentence for Day's drug offense in Count One. [*Id.*].

At Day's sentencing hearing, the district court adopted the calculations in Day's PSI. [Doc. 63, 7–8]. It found that the Guidelines recommended a sentence between 70 and 87 months for the drug offense in Count One along with a consecutive sentence of 60 months for the gun offense in Count Two. [*Id.* at 8]. Neither party objected to those calculations. [*Id.* at 9].

In mitigation, Day presented evidence on her rehabilitative efforts. [*Id.* at 10–15]. Day addressed the district court personally and accepted responsibility for her actions. [*Id.* at 15–18]. She also discussed her efforts to improve her life since her arrest. [*Id.*].

The United States moved for a downward departure. [*Id.* at 18–19]. The prosecutor explained that the motion requested "a sentence of 35 months as to Count One" but noted that "Count Two is the mandatory consecutive 60-month sentence." [*Id.* at 18]. The district court granted the motion and asked the prosecutor whether the

United States asked for the maximum reduction. [*Id.* at 19]. The prosecutor explained that the United States had requested the "maximum recommendation that [it] ordinarily make[s] for this type of cooperation." [*Id.*]. She acknowledged that the district court might choose to deviate further as to Count One. [*Id.*]. As the district court recognized that its discussion with the prosecutor implicated just Count One, it stated that "Count Two is a different matter." [*Id.*].

During the district court's oral pronouncement of Day's sentence, it observed that the United States' motion "does allow [it] to move below mandatory minimum sentencing." [*Id.* at 23]. Apparently based on that conclusion, the district court sentenced Day "to time served on Count One" and ordered her to serve "one day on Count Two to be served consecutively." [*Id.*]. The district court explained that she would "serve it today" and be processed for placement on supervised release. [*Id.* at 23–24]. It imposed five years of supervised release. [*Id.* at 24].

The prosecutor objected to this sentence. [*Id.* at 27]. As she framed the objection, "[t]he government's motion was restricted to Count One, and there is—the sentence that the [c]ourt has now imposed is an illegal sentence under the law[,] which does require a mandatory 60-month imprisonment term." [*Id.*]. Although the prosecutor did not oppose the downward variance on Count One, she "urge[d] the [c]ourt to impose the lawfully required sentence on Count Two." [*Id.*]. The district court responded: "I disagree, and so I'm going to overrule your objection. You're

welcome to take me up, but that is the sentence that I'm going to impose." [*Id.* at 27–28]. It congratulated Day for her rehabilitation and concluded the proceeding. [*Id.* at 28].

The district court entered a final judgment. [Doc. 64, 2]. The United States submitted a notice of appeal. [Doc. 67]. With the Solicitor General's approval, this appeal now follows.

## B.    Disposition Below

The district court sentenced Day to time served for the drug offense in Count One and imposed a consecutive sentence of one day for the gun offense in Count Two. [Doc. 63, 22–25; Doc. 64, 2]. Both sentences fell below the statutory mandatory minimum sentences for these offenses. [Doc. 25, 3–4]. The United States objected that the sentence was illegal because it had not moved for the district court to exercise its authority to deviate below the statutory minimum sentence for the gun offense. [Doc. 63, 27]. The district court overruled that objection. [*Id.* at 27–28]. In this appeal, the United States contends that the district court imposed an illegal sentence in Day's case because the district court deviated below the statutory minimum consecutive sentence of five years for Day's violation of § 924(c) without any legal basis.

## C.    Statement of Facts

Deputies encountered Day when she departed in a vehicle as they arrived at a scene to search for a fugitive. [Doc. 66, 11]. They initiated a traffic stop of Day's

vehicle and saw "a large amount of methamphetamine ice" that "had been dumped on the front seat and on the front floorboard." [*Id.*].  During a pat down, the deputies found a gun in Day's jacket pocket.  [*Id.*].  Day told the deputies that she received the gun from someone and implied that she carried the gun for protection.  [*Id.*].  She also admitted that "she opened the bag of methamphetamine and began to dump it on the floorboard in hopes of destroying the evidence." [*Id.* at 12].  Day acknowledged that she had left the fugitive's camper a short time before.  [*Id.*].

Ultimately, the deputies recovered 22.14 grams of methamphetamine from the vehicle.  [*Id.*].  They also apprehended the fugitive, and Day admitted that she was accountable for 136 grams of methamphetamine in connection with the offense for sentencing purposes.  [*Id.*].

After Day pleaded guilty, she cooperated with the United States.  [Doc. 58, 1].  She provided helpful information against other defendants, but the United States also elected to not call her in a subsequent trial.  [Doc. 63, 18–19].  As Day took steps to cooperate, she participated in an addiction treatment program and took steps to improve her life.  [*Id.* at 20–22].

## D.    Standards of Review

This Court reviews *de novo* the legality of a sentence.  *United States v. Hall*, 64 F.4th 1200, 1202 (11th Cir. 2023).  Likewise, this Court applies a *de novo* standard to matters of statutory interpretation.  *United States v. Lusk*, 119 F.4th 815, 826 (11th Cir. 2024).

## SUMMARY OF ARGUMENT

Day pleaded guilty to two offenses that carried statutory mandatory minimum sentences. The United States moved to authorize the district court to impose a sentence below the statutory minimum for one of Day's convictions but did not seek to exercise that power for the other mandatory minimum. The district court imposed a *de minimis* sentence that fell far below both statutory minimum sentence provisions. This Court should vacate that sentence because it is illegal.

Congress generally sets the statutory minimum and maximum sentence for an offense. A district court must impose a sentence within those confines unless an exception applies. One exception allows a district court to sentence a defendant below a statutory minimum if she provides substantial assistance in an investigation. The United States must file a motion to invoke this provision. In Day's case, the United States filed a motion on her behalf, but it sought to set aside only one of the two statutory mandatory minimum sentences. The pertinent statute allows that choice.

The district court erroneously imposed a nominal sentence of time served for Day's drug offense and a consecutive sentence of just one day for Day's gun conviction. Day's token sentence is illegal because the United States tailored its motion to authorize relief for just one statutory minimum sentence. The prosecutor could seek limited relief in this fashion, and the district court could neither ignore nor rewrite the motion in the absence of an unconstitutional motive. This Court should vacate Day's sentence.

## ARGUMENT AND CITATIONS OF AUTHORITY

**The District Court Lacked Authority to Impose a Prison Sentence of One Day for Day's Violation of 18 U.S.C. § 924(c).**

The district court imposed an illegal sentence in Day's case. Congress authorizes a district court to impose a sentence below a statutory mandatory minimum if the United States moves for such a sentence based on a defendant's substantial assistance. 18 U.S.C. § 3553(e). Day pleaded guilty to two offenses that carried statutory mandatory minimum sentences. She faced a statutory mandatory minimum sentence of five years for her methamphetamine distribution offense in Count One, and she was subject to a statutory mandatory minimum consecutive sentence of at least five years because she possessed a gun in connection with the drug trafficking as set out in Count Two. 18 U.S.C. § 924(c)(1); 21 U.S.C. §§ 841(a)(1), 841(b)(1)(B). In practical terms, Congress required an offender like Day to serve a total sentence of at least ten years for her combined crimes. When Day cooperated, the United States moved to authorize the district court to impose a sentence below the statutory minimum sentence for Count One, but it sought no such relief on Count Two. This motion effectively cut Day's statutory minimum sentence exposure in half, from ten years to five years. The district court went further and imposed a nominal sentence of time served for the drug offense along with a consecutive sentence of one day for the gun crime. That sentence is illegal.

At Day's sentencing hearing, the district court did not explain why it made such a deviation. The prosecutor emphasized the more limited scope of the United States'

motion at every turn.  Prior to sentencing, the United States filed a motion pursuant to § 3553(e) for Day's drug offense in Count One, but the motion did not seek any relief on Count Two.  When the prosecutor addressed the motion at Day's sentencing hearing, she distinguished relief on Count One from the mandatory consecutive sentence in Count Two.  After the district court strayed below that statutory mandatory sentence, the prosecutor objected and again emphasized the distinction between Count One and Count Two.  The district court summarily overruled that objection.

This Court should conclude that the district court erroneously imposed an illegal sentence when it ignored the statutory mandatory sentence of five years for Day's violation of § 924(c).  It should proceed in two steps.  First, the district court erred insofar as it concluded that § 3553(e) establishes a unitary scheme that, once invoked, authorizes a sentence below any statutory minimum sentence.  A prosecutor may tailor a motion for a reduction to a particular offense and leave another statutory minimum sentence untouched.  *United States v. McNeese*, 547 F.3d 1307, 1308–09 (11th Cir. 2008). Second, the district court erred when it granted relief outside the contours that the United States' motion authorized.  Prosecutors have broad discretion to seek or to decline to seek such relief, and this Court has rejected efforts by district courts to intrude on that discretion.  *United States v. Melton*, 861 F.3d 1320, 1327–30 (11th Cir. 2017).  Day neither asserted nor established any unconstitutional motive.  Hence, this Court should vacate Day's illegal sentence and remand her case for resentencing.

### A.    The District Court Misconstrued its Power under § 3553(e).

A motion to authorize a district court to impose a sentence below the mandatory minimum sentence set by statute is no one-size-fits-all proposition.  When the United States elects to file a motion based on a defendant's substantial assistance, it does not have to set aside any mandatory minimum that is applicable in a defendant's case. Instead, both this Court's precedent and the clear statutory text point to the same result: the United States may tailor a substantial assistance motion to apply to a specific conviction.  Although the district court shed little light on its reasons, its ruling appeared to treat § 3553(e) as a unitary authority that empowers it to ignore any mandatory minimum sentence once the United States has invoked that authority.    That interpretation of § 3553(e) is erroneous, and this Court should reject it.

### 1.    Precedent Supports the United States' Power to Tailor Relief.

First, precedent squarely contradicts the idea that § 3553(e) automatically sets aside any statutory minimum sentence in a defendant's case.  A statute empowers the United States to move for a sentence below a statutory maximum if the defendant provides substantial assistance prior to sentencing, and a similar provision in the Federal Rules of Criminal Procedure addresses post-sentencing cooperation.  *Compare* 18 U.S.C. § 3553(e) *with* Fed. R. Crim. P. 35(b).  This Court has concluded that the United States may invoke the substantial assistance provision in Rule 35(b) to set aside a particular statutory minimum sentence.  *McNeese*, 547 F.3d at 1308–09.  In addition, this Court

has turned to precedent on Rule 35(b) to interpret § 3553(e) because the two provisions render "the same service" in that both allow a district court to impose a sentence below a statutory minimum to reward substantial assistance. *United States v. Aponte*, 36 F.3d 1050, 1052 (11th Cir. 1994). Given *Aponte*, this Court should apply *McNeese*'s analysis of Rule 35(b) to § 3553(e).

To unpack this logic, the Court should begin with established principles of sentencing law. At a general level, a district court fashions a sentence in accord with three guideposts: the statutory terms established by Congress, the advisory Guidelines, and the statutory sentencing factors. Criminal sentences are statutory creations. *United States v. Hall*, 64 F.4th 1200, 1202 (11th Cir. 2023). Statutes set the maximum penalty that a defendant may receive. *Id.* (recognizing that "a sentence cannot exceed the maximum term authorized by statute"). Congress also may set a statutory floor for a defendant's sentence. *Chapman v. United States*, 500 U.S. 453, 467 (1991) ("Congress has the power to define criminal punishments without giving the courts any sentencing discretion."). If Congress does so, a district court usually cannot deviate below that low point. *United States v. Castaing-Sosa*, 530 F.3d 1358, 1361 (11th Cir. 2008).

The two other primary sentencing considerations—the Guidelines and the statutory sentencing factors—guide a district court's exercise of discretion within those statutory parameters. The Guidelines provide "the starting point and the initial benchmark" at sentencing. *Gall v. United States*, 552 U.S. 38, 49 (2007). Thus, a district

court commits a procedural error if it fails to calculate the defendant's Guidelines range. *Id.* at 51. This range is advisory and does not obligate the district court to select a sentence in that range. *United States v. Henry*, 1 F.4th 1315, 1321 (11th Cir. 2021). To select an appropriate sentence, the district court also balances an array of factors that Congress has identified as pertinent to a prison sentence. 18 U.S.C. § 3553(a). A district court errs if it ignores these factors. *Gall*, 552 U.S. at 51.

Congress' statutory ranges, though, trump the Guidelines and the § 3553(a) factors. If a statutory mandate clashes with a provision in the Guidelines, the statute should control. *United States v. Eggersdorf*, 126 F.3d 1318, 1320 (11th Cir. 1997). Notably, the Guidelines themselves recognize the primacy of Congress and expressly provide that a defendant's statutory maximum or minimum sentence prevails over the advisory range. U.S.S.G. § 5G1.1. In a similar vein, the § 3553(a) factors mold a district court's exercise of discretion within the statutory boundaries, but a district court may not rely upon those factors to impose a sentence outside the lines that Congress has drawn. *Castaing-Sosa*, 530 F.3d at 1361–62.

Once a district court selects a defendant's sentence, it usually lacks authority to modify the sentence. 18 U.S.C. § 3582(b). Section 3582(b) recognizes the important role that finality plays in criminal law. *See Calderon v. Thompson*, 523 U.S. 538, 555 (1998) ("Finality is essential to both the retributive and the deterrent functions of criminal law.").

14

If a defendant cooperates and renders substantial assistance, the law provides for some exceptions to these rules. The different exceptions in the law correspond to different points in the sentencing process. As one choice, the United States may file a motion for the district court to depart below the defendant's Guidelines range. U.S.S.G. § 5K1.1. A motion for a departure pursuant to § 5K1.1 addresses only the advisory Guidelines range and does not set aside any statutory minimum sentence that Congress has set. *Melendez v. United States*, 518 U.S. 120, 125–26 (1996). To set aside a statutory minimum, the United States instead may elect to invoke a framework that Congress has created for such reductions. 18 U.S.C. § 3553(e). Section 3553(e) authorizes a district court to impose a sentence below a statutory mandatory minimum sentence if the United States submits a motion and asserts that the defendant rendered substantial assistance in an investigation. *Id.* When a defendant cooperates after sentencing, a similar provision allows a district court to reward that cooperation. Fed. R. Crim. P. 35(b). This provision sets one standard for a motion that arises within one year of sentencing and different criteria when the motion falls more than one year afterward. *Id.* at 35(b)(1), 35(b)(2). Rule 35(b) thus creates a limited exception to the finality principles that underlie criminal judgments.

These cooperation provisions operate in a tandem format in which the district court's authority to reduce a sentence depends at the threshold on a motion from the United States. Over time, both the Supreme Court and this Court have resolved

15

disputes over the respective roles of the district court and the prosecution. Most directly pertinent to this appeal, this Court concluded that a prosecutor may move under Rule 35(b) to reduce a particular statutory minimum while leaving another mandatory minimum sentence intact. *McNeese*, 547 F.3d at 1308–09. The *McNeese* Court drew on principles of prosecutorial discretion derived from the other substantial assistance provisions and surmised that "[t]here is no reason to believe that this discretion should not extend to deciding to which term the Rule 35(b) [relief] should be applied." *Id.* at 1309.

In keeping with *McNeese*, a district court should not treat its authority pursuant to § 3553(e)—the primary provision at issue in Day's appeal—as a unitary power to deviate below any statutory minimum when the United States invokes that authority on a specific ground. Although *McNeese* ultimately construed the text of Rule 35(b), its analysis should extend with equal force to § 3553(e) for at least three reasons.

First, this Court recognized in *Aponte* that Rule 35(b) and § 3553(e) serve the same fundamental purpose. 36 F.3d at 1052. The *Aponte* Court gave the provisions "the same interpretation" because they both used the same language to authorize a sentence below a statutory mandatory minimum sentence. *Id.* Accordingly, precedent favors the consistent application of Rule 35(b) and § 3553(e).

Second, the *McNeese* Court relied on principles of prosecutorial discretion that emanated from precedent on § 3553(e) and § 5K1.1. 547 F.3d at 1308–09. At the core,

the *McNeese* Court explained that it applied the same principles of discretion at play in other substantial assistance provisions to Rule 35(b). *Id.* at 1309. The *McNeese* Court viewed Rule 35(b) as a consistent part of the comprehensive substantial assistance framework, not as an island unto itself.

Third, the *McNeese* Court's reasoning accords with other decisions on the range of choice available to the United States. Both the Supreme Court and this Court have recognized that the United States may file a motion for a downward departure from a defendant's Guidelines range without seeking any relief from a mandatory minimum sentence. *Melendez*, 518 U.S. at 124–30; *Melton*, 861 F.3d at 1328–29. Accordingly, *McNeese* comports with other decisions that have eschewed a one-size-fits-all model to address substantial assistance.

Such an inflexible structure makes little sense when this Court considers the purpose behind the substantial assistance framework, too. Ultimately, "[t]he substantial assistance regime is not a spoils system designed simply to reward a cooperative defendant" but instead "is designed to benefit the government in its prosecution efforts." *United States v. Orozco*, 160 F.3d 1309, 1316 (11th Cir. 1998) (internal quotation marks omitted). In the light of this purpose, an all-or-nothing mandate for defendants with multiple convictions that trigger mandatory sentences easily could do more harm than good for those defendants. If each prosecutor faced a binary decision to authorize total relief or none at all, prosecutors may decline to seek relief altogether in more cases.

Given the point of the system, it follows naturally that the substantial assistance regime should foster flexibility at each turn. A versatile arrangement favors prosecutors as well as criminal defendants.

The United States unambiguously chose in Day's case to authorize a sentence below one statutory minimum and declined to seek any such reduction to the other. As noted, Day faced two mandatory minimum sentences. Her methamphetamine distribution offense carried a mandatory sentence of at least five years, and she faced an additional sentence of at least five years because she carried a gun in connection with her drug trafficking. 18 U.S.C. §§ 924(c)(1)(A), 924(c)(1)(D)(ii); 21 U.S.C. §§ 841(a)(1), 841(b)(1)(B). Practically speaking, Day faced a total sentence of at least ten years in prison for her two crimes.

When Day cooperated, the United States moved to alleviate part of that burden. For the drug offense, the United States moved under § 5K1.1 for a reduction to her Guidelines range, and it moved pursuant to § 3553(e) to authorize the district court to sentence Day without regard to that mandatory minimum sentence. The United States expressly limited its motion to the drug offense in Count One. At the sentencing hearing, the prosecutor distinguished the drug offense in Count One from the gun offense in Count Two. She objected promptly when the district court deviated below both mandatory sentence provisions in Day's case.

Put simply, the United States made the same choice in Day's case that it made in the defendant's case in *McNeese*. It moved to excuse one mandatory minimum sentence but sought no relief from the other mandatory provision. *McNeese*, 547 F.3d at 1308. Under *McNeese*, this choice is permissible. A motion under § 3553(e) does not inherently unlock relief under any statutory minimum provision. Hence, the district court's sentence in Day's case clashes with precedent.

### 2.    A Unitary Approach Also is at Odds with the Statutory Text.

In addition, the plain language of § 3553(e) unambiguously authorizes the United States to move for relief from individual statutory minimum sentence provisions. Thus, an examination of the statutory text leads to the same place: § 3553(e) is not a one-size-fits-all provision. It allows a prosecutor to seek relief from a single mandatory minimum sentence. This Court should reject the district court's apparent construction of the statute to allow inherently for across-the-board reductions if a defendant is subject to multiple statutory mandatory minimum sentences.

Notably, Congress in § 3553(e) consistently treated a prison sentence as a discrete punishment that flows from each offense that a defendant commits. This provision authorizes a district court "to impose a sentence below a level established by statute as a minimum sentence so as to reflect a defendant's substantial assistance in the investigation or prosecution of another person who has committed an offense." 18 U.S.C. § 3553(e). It invokes the singular in two notable ways: (1) it uses the term "a

sentence" to reference a sentence as a discrete event; and (2) it underscores that a sentence flows from a particular statute by reference to "a level established by statute as a minimum sentence" for the offense. *Id.* Congress' consistent use of the singular in § 3553(e) underscores that a sentence for an offense is a discrete punishment tied to a statute. *See United States v. Kattan-Kassin*, 696 F.2d 893, 895 (11th Cir. 1983) (concluding that references to "the singular 'violation'" demonstrates that Congress intended to make clear "that each violation can be separately prosecuted").

The heading for § 3553(e) further buttresses this construction. It describes the power that the provision confers to be a "[l]imited authority to impose a sentence below a statutory minimum." 18 U.S.C. § 3553(e). This language stresses that statutory minimum sentences set the general rule, and § 3553(e) is a narrow exception to those general standards. *See Castaing-Sosa*, 530 F.3d at 1360 (explaining that a mandatory minimum is applicable unless an exception applies). A statutory heading or title may not be decisive, but the language can inform the meaning or scope of a provision. *Rudolph v. United States*, 92 F.4th 1038, 1044 (11th Cir. 2024). In the case of § 3553(e), the heading reinforces that it is a slender exception from the wide general rule that a defendant must be sentenced in accordance with all statutory minima that Congress has set.

This use of the singular signals flexibility. When a defendant is subject to multiple sentences, the United States may invoke the authority in § 3553(e) with respect

to multiple provisions. *See Niz-Chavez v. Garland*, 593 U.S. 155, 163–65 (2021) (construing a statute that requires a notice to appear in an immigration proceeding to permit the United States "to send multiple notices to appear multiple people" while rejecting the view that this singular language allows for multiple documents). The singular language provides for a range of choice and is not an inexorable command that demands relief from all statutory minima in a defendant's case. *See McNeese*, 547 F.3d at 1308–09 (construing language in Rule 35(b) to allow for a motion to authorize a sentence below one statutory minimum while leaving the other intact).

A unitary approach would create a result that is at odds with many other sentencing statutes. Most notably, it would clash with the approach that Congress employed for each of Day's offenses. Congress imposed one set of statutory penalties for a person who distributes more than five grams of methamphetamine and different punishments for a person who carries a gun in the process. *Compare* 18 U.S.C. § 924(c)(1)(A) *with* 21 U.S.C. § 841(b)(1)(B). For Day's gun offense, Congress also specified that "no term of imprisonment imposed on a person under this subsection shall run concurrently with any other term of imprisonment imposed on the person, including any term of imprisonment imposed for the crime of violence or drug trafficking crime during which the firearm was used, carried, or possessed." 18 U.S.C. § 924(c)(1)(D)(ii). At every turn, Congress emphasized that a violation of § 924(c) carries a separate punishment and requires a distinct sentence to punish that behavior.

21

Section 3553(e) overlays statutes like these. Put into the parlance of § 3553(e), Day's drug offense called for "a sentence" under § 841(b)(1)(B), and her gun crime subjected her to "a sentence" under § 924(c)(1)(A). 18 U.S.C. § 3553(e). In plain terms, each sentence for an offense is "a sentence" that the United States may seek authorization for the district court to reduce for substantial assistance. *Id.* Just as the United States may elect to seek such relief under this provision, it also may decline to do so. Ultimately, § 3553(e)'s text neatly accounts for the nuances at play when a defendant has committed multiple crimes. Such nuances especially are pronounced when a defendant's offenses have different statutory mandatory minimum sentences attached to them.

Although this outcome particularly is clear in Day's case, this interpretation is by no means unique to defendants whose offenses include violations of § 924(c). As this Court has recognized, statutes create sentences. *Hall*, 64 F.4th at 1202 ("A district court may impose a sentence only if a statute authorizes that sentence."). Each statutory offense therefore creates a distinct sentence. Indeed, this Court has rejected "general sentence[s]" that impose an undivided sentence for multiple offenses as *per se* illegal because such sentences fail to allow for adequate appellate review. *United States v. Moriarty*, 429 F.3d 1012, 1025 (11th Cir. 2005). Section 3553(e) operates in that fashion and treats each sentence as a discrete punishment set by statute.

Consistent with these decisions, Congress has defined procedures for the imposition of multiple sentences of imprisonment at the same time. 18 U.S.C. § 3584. Under this scheme, a court may impose multiple terms of imprisonment, but the terms also combine for administrative purposes. *Id.* at §§ 3584(a), 3584(c). The statute contemplates that a district court may impose "multiple terms of imprisonment . . . at the same time[.]" *Id.* at § 3584(a). This part of the statute recognizes that, as a legal matter, a prison sentence connects to the statute that a defendant has violated. The district court decides whether to run the terms together (concurrently) or separately (consecutively). *Id.* at § 3584(b). Although distinct, the terms may be treated as a single term administratively. *Id.* at § 3584(c).

At its essence, § 3584 reinforces that a defendant receives a sentence for each offense, even if the sentences combine as an administrative matter to arrive at a total sentence. If a defendant violates multiple statutes, the defendant is subject to multiple sentences, even if the district court runs the terms concurrently or packages them to arrive at a reasonable total punishment. A district court may view a sentence holistically, but the individual sentences still retain certain distinct characteristics. In that vein, the punishment for an offense remains subject to the statutory boundaries for that offense. Otherwise, the district court has imposed an invalid general sentence. *See Moriarty*, 429 F.3d at 1025 (rejecting general sentences).

Similarly, a construction of § 3553(e) that treats a sentence as a discrete authorization to impose punishment also comports with the purposes of the substantial assistance regime. At the core, these legal mechanisms seek to facilitate the effective prosecution of crimes and do not reward individual defendants. *Orozco*, 160 F.3d at 1316. Put simply, substantial assistance is not an entitlement that a defendant receives once she cooperates in an investigation. Instead, the United States may evaluate that cooperation and decide whether to file a motion as an exercise of prosecutorial discretion. *United States v. Forney*, 9 F.3d 1492, 1501 (11th Cir. 1993); *see also United States v. Rothstein*, 939 F.3d 1286, 1292 (11th Cir. 2019) (accentuating this Court's "unwillingness to intrude" on the exercise of prosecutorial discretion in connection with substantial assistance motions). Legislative purposes do not supplant plain language, but it is noteworthy here that the legislative purpose dovetails with the most natural reading of the statutory text.

In sum, the plain language and legislative purposes behind § 3553(e) lead back to *McNeese*. Like Rule 35(b), § 3553(e) creates a flexible approach that gives the United States a power but not a duty to seek a reduction in appropriate cases. This Court should conclude—as it did in the Rule 35(b) context—that "[t]here is no reason to believe that this discretion should not extend to deciding to which term" a court may apply § 3553(e) relief. *McNeese*, 547 F.3d at 1309. Consequently, this Court should conclude that § 3553(e) does not provide for a unitary approach and that the district

24

court erred insofar as it construed § 3553(e) to mandate such an outcome.

**B.    Day's Nominal Prison Sentence is Illegal.**

Building on those principles, the district court imposed an illegal sentence in Day's case.  When Day endeavored to cooperate, the United States had options.  It could seek relief under § 3553(e) for both of Day's offenses, for one of them, or for neither crime.  The United States clearly chose the middle ground.  After the prosecutor determined that Day rendered sufficient substantial assistance to warrant a reduction of some kind, she elected to file a motion to set aside the mandatory minimum sentence that applied to Day's drug offense but declined to seek any relief from the mandatory minimum sentence for Day's gun crime.  Once the United States filed that motion, the district court had authority under § 3553(e) to impose a sentence below the statutory minimum for the drug offense.  It lacked any authority to rewrite the United States' motion, however, to authorize additional relief.  When the district court gave that relief *sua sponte*, it imposed an illegal sentence because that sentence fell below an applicable statutory minimum.  *Castaing-Sosa*, 530 F.3d at 1360–61.

At its core, the substantial assistance regime creates a tandem framework.  If a defendant cooperates, the United States may submit a motion to allow the district court to consider that conduct at the defendant's sentencing.  As pertinent to Day's case, the United States may opt to file a motion to allow for a downward departure from the defendant's Guidelines range under § 5K1.1, it may move to authorize a sentence below

a mandatory minimum pursuant to § 3553(e), or it may pair the provisions to seek both forms of relief. For a defendant like Day who is subject to multiple statutory minima, the United States may seek relief under § 3553(e) for a single offense as set out above.

Once the United States files a motion, the district court may determine the scope of relief within those parameters. For example, when the United States moves for a downward departure under § 5K1.1, the district court decides the appropriate level of the reduction from the defendant's Guideline's range. *United States v. McVay*, 447 F.3d 1348, 1354 (11th Cir. 2006). Similarly, this Court reviews the extent of a district court's deviation below a statutory minimum pursuant to its power under § 3553(e) for an abuse of discretion. *United States v. Mangaroo*, 504 F.3d 1350, 1353 (11th Cir. 2007). The district court should make its decision on the extent of the deviation based on the defendant's assistance to law enforcement. *Id.* at 1355. Even so, the district court may weigh the defendant's cooperation and utilize its judgment to decide the ultimate extent of the deviation at sentencing. At times, the district court may determine that those features warrant a deviation or greater or smaller magnitude than the parties suggest.

As the gatekeeper, the United States has broad discretion to decide whether to seek relief at all and to shape the nature of such relief. The substantial assistance provisions confer upon the United States "a power, not a duty, to file a motion when a defendant has substantially assisted." *Wade v. United States*, 504 U.S. 181, 185 (1992). This Court generally treats the decision as a matter of prosecutorial discretion. *Forney*,

9 F.3d at 1501. Unless the United States limits that discretion in a plea bargain, this Court generally reviews the merits of a prosecutor's decision only if a defendant presents evidence that the prosecutor acted with an unconstitutional motive. *Id.* at 1501–02; *cf. United States v. Gonsalves*, 121 F.3d 1416, 1419–20 (11th Cir. 1997) (observing that a plea agreement required the United States to exercise good faith in its analysis of substantial assistance).

At the base, a motion based on substantial assistance opens a broader range of choice for the district court. Although the district court may deviate from the United States' recommendation within that range of choice, its discretion remains bounded by those statutory parameters that the prosecution declined to set aside.

To that extent, the United States' motion shapes the parameters of the district court's expanded sentencing discretion. A district court properly declines to impose a sentence that goes beyond the terms of the United States' motion. *See McNeese*, 547 F.3d at 1308–09 (concluding that the district court correctly refused to expand the United States' Rule 35(b) motion to include multiple mandatory minima). Likewise, this Court has rebuffed efforts by district courts to expand the scope of relief beyond the terms of the United States' motion or the parties' plea agreement. *Melton*, 861 F.3d at 1327–29. In *Melton*, this Court concluded that a district court lacked authority to force the United States to file § 3553(e) motions in the defendants' cases when an intervening amendment to the Guidelines worked in the defendants' favor. *Id.* at 1329.

27

It reversed the district court's decision because the district court compelled the United States to submit the motions and lacked the authority to impose a sentence below the mandatory minimum in the absence of that compulsion. *Id.*

This framework does not usurp the district court's sentencing role. A substantial assistance motion is an expansion of sentencing discretion, not a contraction of it. When the United States moves to authorize a downward departure or a sentence below a statutory minimum, the district court enjoys a broader range of choice at sentencing. Indeed, a motion under § 3553(e) to authorize a sentence below a statutory minimum opens a range of discretion that Congress otherwise had taken away through a mandatory minimum sentence provision. *See Chapman*, 500 U.S. at 467 ("Congress has the power to define criminal punishments without giving the courts any sentencing discretion."). If the United States seeks to set aside one minimum sentence but not another, the boundaries remain set by Congress. The United States simply has determined in such as a case as an exercise of prosecutorial discretion to decline to seek relief from the confines set by Congress.

Day's case illustrates that expanded discretion. Before the United States moved for relief under § 3553(e), Congress required the district court to impose a total prison sentence of at least ten years for Day's offenses, as she faced a mandatory statutory minimum sentence of at least five years for her drug offense as well as an additional statutory mandatory minimum consecutive sentence of at least five years for the

corresponding gun crime.  18 U.S.C. § 924(c)(1); 21 U.S.C. § 841(b)(1)(B).  After the United States moved for relief under § 3553(e), the district court could select a sentence without regard to the mandatory minimum in § 841(b)(1)(B) for the drug offense.  In addition, the United States' motion under § 5K1.1 permitted the district court to consider Day's cooperation as grounds for a reduction to her Guidelines range on that offense, too.  The district court enjoyed a broader range of choice when it sentenced Day because the United States moved to allow the district court to address her substantial assistance.

Accordingly, the tandem nature of the substantial assistance framework keeps the roles of the district court and the prosecutor in the proper places.  The United States' gatekeeping authority recognizes simply that the substantial assistance framework does not create "a spoils system" that rewards individual defendants but instead "is designed to benefit the government in its prosecution efforts."  *Orozco*, 160 F.3d at 1316 (internal quotation marks omitted).  Although the district court still selects the defendant's sentence as a matter of discretion, the parameters of the United States' motion guide the outer limits of that expanded discretion because a prosecutor may decide as a matter of prosecutorial discretion which statutory minimum provisions to seek to set aside.  *McNeese*, 547 F.3d at 1308–09.  An unaffected offense remains subject to the terms set by Congress.

When this Court applies these principles to Day's case, the illegality of the district court's sentence quickly becomes pellucid.  The United States preserved its prosecutorial discretion in its plea agreement, so the prosecutor could exercise that discretion as long as she did not act unconstitutionally.  For starters, the cooperation provisions in Day's plea agreement addressed only a downward departure from the Guidelines range at sentencing under § 5K1.1 and a post-sentencing motion under Rule 35(b).  The plea agreement did not address (and therefore did not limit) the United States' discretion under § 3553(e).  *See Melton*, 861 F.3d at 1327 (accentuating that a plea agreement was silent on § 3553(e) and therefore did not obligate the United States to bring a § 3553(e) motion).  The plea agreement's language on § 5K1.1 and Rule 35(b) also preserved the United States' prosecutorial discretion to decide whether Day rendered substantial assistance and the extent of any such relief.  *See Rothstein*, 939 F.3d at 1292 ("The cooperation agreement that [the defendant] signed fully retains this level of discretion for the [g]overnment—that is, 'sole and unreviewable.'").

The United States properly exercised that discretion.  The United States moved for a downward departure to Day's Guidelines range under § 5K1.1 and a sentence below the statutory minimum pursuant to § 3553(e), but it limited the motion to Day's drug offense in Count One.  The district court could sentence Day below the statutory minimum in § 841(b)(1)(B), but the mandatory consecutive sentence of five years in § 924(c) continued to provide a statutory backstop against any further reduction.

Crucially, the prosecutor underscored the scope of this motion and resolved any confusion about its contours. Before the district court imposed Day's sentence, the prosecutor distinguished the violation of § 841(a) from her § 924(c) offense. After the district court selected the sentence, the prosecutor promptly objected to its legality and explained that the United States had not moved to set aside the minimum sentence in § 924(c).

Thus, the United States clearly and consistently defined the extent of its exercise of discretion in Day's case. Its motion authorized a sentence below a statutory minimum, but it set aside only the mandatory minimum for Day's drug offense. The district court erred when it rewrote the terms of the United States' motion to call for greater relief than the United States sought. *Melton*, 861 F.3d at 1327 (concluding that a district court "in effect, grafted the government's earlier § 5K1.1 motions onto [the defendants'] plea agreements and transformed those motions into promises" to allow for future reductions). This Court should apply the United States' request in accordance with its plain terms. *See id.* at 1328–29 (construing a motion as a request for a downward departure under § 5K1.1 that did not encompass relief under § 3553(e)).

Day did not raise any unconstitutional motive in the district court. When the United States moved for tailored relief, Day did not express surprise or assert an objection to the terms of that motion. Nor does the record provide any indication of unconstitutional considerations in connection with the extent of Day's reduction for

31

her cooperation.  Accordingly, the district court could not cast aside the terms of the United States' motion on grounds of unconstitutional motives.  *See Wade*, 504 U.S. at 185 (recognizing that prosecutorial discretion in connection with a substantial assistance motion "is subject to constitutional limitations that district courts can enforce").

The district court imposed an illegal sentence in Day's case.  Although it could decide Day's sentence for her drug offense without regard to the statutory minimum sentence, it could not impose a consecutive sentence of just one day for Day's gun crime.  Congress required a consecutive sentence of at least five years for that offense. 18 U.S.C. § 924(c)(1).  The United States did not seek any relief from that mandatory minimum consecutive sentence.  It could decide whether to request any such relief as a matter of prosecutorial discretion.  Day did not demonstrate any unconstitutional motive that tainted the United States' decision.  Hence, the district court imposed an illegal sentence when it sentenced Day below the statutory floor for her violation of § 924(c).  *Castaing-Sosa*, 530 F.3d at 1361–62.

This Court should correct this illegal sentence.  It should vacate Day's sentence and remand the case for resentencing so that the district court may impose an appropriate sentence for Day's violation of § 924(c) that is consistent with the statutory mandatory minimum sentences that Congress has required.

## **CONCLUSION**

The district court imposed an illegal sentence.  Although the district court could impose a sentence below the statutory minimum for Day's drug offense, it could not deviate from the mandatory minimum consecutive sentence of five years for Day's gun offense to a nominal sentence of one day in prison.  This Court should vacate Day's sentence and remand the case for resentencing.

Respectfully submitted,

Sean P. Costello
United States Attorney


 */s/ Scott A. Gray*
Scott A. Gray
Assistant United States Attorney
Attorney for Appellee

## CERTIFICATE OF COMPLIANCE

I certify that this brief complies with the type-volume limitation set forth in Fed. R. App. P. 32(a)(7)(B)(i).  This brief contains 8,073 words.

/s/ Scott A. Gray
Scott A. Gray
Assistant United States Attorney

## CERTIFICATE OF SERVICE

I hereby certify that on December 20, 2024, a true and correct copy of the foregoing pleading has been served by placing same in the United States mail, postage prepaid and properly addressed to: Arthur J. Madden, III, Madden & Soto, 465 Dauphin Street, Mobile, Alabama 36602.

/s/ Scott A. Gray
Scott A. Gray
Assistant United States Attorney